IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE F. VALENCIA,

        Plaintiff,

v.                                                              No. 12cv0137 JCH/LAM

CITY OF SANTA FE, SANTA FE POLICE
DEPARTMENT, GERALD SOLANO,
ERIC B. JOHNSON, ARIC WHEELER,
GERALD RIVERA, STEPHEN RYAN, and
JOHN DOES I-X, both in their official
capacities and as Individuals,

        Defendants.

## ORDER GRANTING MOTION TO COMPEL [*Doc. 41*]

**THIS MATTER** is before the Court on the motion to compel filed on August 28, 2012 by Defendants Gerald Solano, Eric Johnson, Aric Wheeler, Gerald Rivera, and Stephen Ryan (hereinafter "Defendants"). [*Doc. 41*]. Plaintiff filed a response to the motion on September 17, 2102 [*Doc. 46*], and Defendants filed a reply to the motion on October 4, 2012 [*Doc. 52*].[1] Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion to compel shall be **GRANTED.**

In their motion to compel, Defendants state that Plaintiff failed to respond to their first set of interrogatories and first set of requests for production, which were served on Plaintiff on

---

[1] On October 2, 2012, the Court held a telephonic case management status conference in this case at which counsel for all parties were present, and at which counsel for Plaintiff stated that Plaintiff was not claiming any medical damages in this case, including physical, mental, emotional distress or hedonic damages, and, therefore, Plaintiff should not be required to sign medical releases. *See Clerk's Minutes (Doc. 50)* at 1. Later that same day, Plaintiff filed a ***Notice of Withdrawal of Claims*** *(Doc. 49)*, stating that he is not seeking emotional, mental, physical, or hedonic damages. Defendants state in their reply that, in light of this notice of withdrawal of claims, they are no longer seeking Plaintiff's medical releases. [*Doc. 52* at 3, n.1]. Defendants subsequently filed their reply brief and notice of completion of briefing regarding the remaining releases still at issue, as further discussed below. [*Docs. 52* and *53*].

July 16, 2012, and that Plaintiff's responses were due August 20, 2012. [*Doc. 41* at 2]. Defendants ask the Court to compel Plaintiff to respond to the discovery requests and to pay Defendants' attorney's fees incurred in bringing the motion. *Id.* at 3.

In Plaintiff's response to the motion to compel, which was filed three days late, Plaintiff states that Defendants exceeded the number of interrogatories and requests for production allowed pursuant to the Order Adopting the Joint Status Report [*Doc. 30*]. [*Doc. 46* at 2]. Plaintiff states that some of Defendants' requests are for public documents which are as accessible to Defendants as they are to Plaintiff, and that some of Defendants' requests are for audio recordings which were provided to Plaintiff from Defendants City of Santa Fe and the Santa Fe Police Department. *Id.* Plaintiff also states that Defendants did not give Plaintiff adequate time to respond to the discovery requests and that counsel for Defendants did not respond to phone calls made by Plaintiff's counsel during the week of September 3-7, 2012. *Id.* at 3. Plaintiff further states that he has produced the majority of the documents responsive to Defendants' requests for production, and that, by September 24, 2012, Plaintiff will provide answers to Defendants' interrogatories and produce the remaining documents responsive to the requests for production, which will render thet motion to compel moot. *Id.* at 4.

In their reply, Defendants state that, on September 18, 2012, Plaintiff provided his responses to the outstanding discovery requests, except for the requested releases that were included with the discovery requests.² [*Doc. 52* at 2]. Defendants state that Plaintiff has e-mailed several of the releases to Defendants, but that they "were of such poor quality that they are essentially unusable."

---

²Defendants did not attach copies of the referenced releases but did provide copies of Request for Production Nos. 21, 22, 24 and 28, which requested that Plaintiff execute the attached releases for education records, state and federal tax records, and employment records. [*Doc. 41-2* at 8].

*Id.* at 4.  Defendants note that counsel for Plaintiff stated in an e-mail dated October 2, 2012 "that once he received the original releases from his client, he would provide them to [counsel for Defendants] immediately."  *Id.* at 4, n.2.  Defendants ask the Court to compel Plaintiff to produce legible copies of the education, tax, and employment releases, as requested in Request for Production Nos. 21, 22 and 24.  *Id.* at 5; *see also* [*Doc. 41-2* at 8].  In addition, Defendants dispute Plaintiff's claim that Defendants did not attempt to resolve the issue prior to filing their motion to compel, and dispute Plaintiff's claim that his counsel called counsel for Defendants the week of September 3-7, 2012.  *Id.* at 6-7.  Defendants continue to seek the attorney's fees they have incurred in bringing this motion.  *Id.* at 11.

Even though Plaintiff contends in his response brief that Defendants exceeded the amount of discovery requests allowed by the Court, Plaintiff failed to raise this objection in a timely manner, and, moreover, Plaintiff appears to have conceded that he must respond to the discovery requests because he has already provided responses to all of the requests and has agreed to provide the remaining original releases to Defendants as soon as they are received from Plaintiff.  *See* [*Doc. 52* at 4, n.2].  The Court, therefore, will grant Defendants' motion and compel Plaintiff to provide his education, tax, and employment releases **by October 19, 2012**.

Regarding Defendant's motion for sanctions, pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, or if the requested discovery is provided after the motion is filed, the court must, after allowing the opposing party an opportunity to be heard, require the party or the party's attorney, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless: "[(1)] the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action; [(2)] the opposing party's nondisclosure, response,

or objection was substantially justified; or [(3)] other circumstances make an award of expenses unjust." Here, Plaintiff had an opportunity to respond to Defendants' request for attorney's fees in his response to Defendants' motion. The Court finds that Plaintiff's objection to the discovery requests, made in his response, is not substantially justified because: (1) it was untimely, and (2) Plaintiff has agreed to provide all of the discovery to which he objected. The Court further finds that Plaintiff's contention that Defendants failed to make a good faith attempt to obtain the discovery without Court action is without merit because, on August 21, 2012, Defendants sent a letter to Plaintiff notifying Plaintiff that the deadline for producing the discovery had passed and they had not received the discovery, and giving Plaintiff almost an additional week to provide the discovery responses. *See* [*Doc. 41-4* at 1]. This was an adequate attempt to resolve the issue prior to filing the motion to compel, to which Plaintiff failed to respond. Even if counsel for Plaintiff tried to contact counsel for Defendants during the week of September 3-7, 2012, that is irrelevant because those calls were allegedly made <u>after</u> the motion to compel had already been filed. Finally, the Court finds that there is no justification for Plaintiff's failure to timely respond to Defendants' discovery requests, and there are no other circumstances which would make an award of expenses unjust. The Court, therefore, will require counsel for Plaintiff to pay Defendants' reasonable attorney's fees incurred in making this motion, and counsel for Plaintiff may not charge his client for this expense.

    **IT IS THEREFORE ORDERED** that, for the reasons stated above, Defendants' motion to compel [*Doc. 41*] is **GRANTED** and Plaintiff shall provide legible copies of education, tax, and employment releases **no later than Friday October 19, 2012**.

**IT IS FURTHER ORDERED** that Defendants' counsel may submit documentation of reasonable attorney's fees and costs incurred in connection with this motion.  Plaintiff may respond to the amount of requested attorney's fees **within fourteen (14) days of their submission**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**