IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE F. VALENCIA,

       Plaintiff,

v.                                                                 No. 12cv0137 JCH/LAM

CITY OF SANTA FE, SANTA FE POLICE
DEPARTMENT, GERALD SOLANO,
ERIC B. JOHNSON, ARIC WHEELER,
GERALD RIVERA, STEPHEN RYAN, and
JOHN DOES I-X, both in their official
capacities and as Individuals,

       Defendants.

## ORDER TO PAY ATTORNEY FEES

**THIS MATTER** is before the Court on the *Affidavit for Costs (Doc. 56)* filed by counsel for Defendants Gerald Solano, Eric Johnson, Aric Wheeler, Gerald Rivera, and Stephen Ryan (hereinafter "Defendants") on October 25, 2012. The affidavit was filed pursuant to the Court's order granting Defendants' motion to compel, in which the Court found that Defendants' reasonable expenses should be paid by counsel for Plaintiff as required by Fed. R. Civ. P. 37(a)(5)(A), and allowed counsel for Defendants to submit documentation of reasonable attorney's fees and costs incurred in connection with the motion to compel. [*Doc. 55* at 3-5]. Also pursuant to the Court's order granting Defendants' motion to compel, on November 6, 2012, Plaintiff's counsel filed a response to Defendants' counsel's affidavit, in which Plaintiff's counsel objects to the amount of fees sought by Defendants' counsel. [*Doc. 63*]. Having considered the affidavit, response, the record of this case, and relevant law, the Court will order counsel for Plaintiff to pay part of the costs and attorney's fees submitted by counsel for Defendants.

Counsel for Defendants state that attorney Terri Sauer Beach spent 5.8 hours on the motion to compel and almost triple that amount of time, or 16.7 hours, on the reply, for a total of 22.5 hours at a rate of $125.00 per hour, for a total of $2,812.50 in requested fees.  [*Doc. 56* at 2-3].  Plaintiff's counsel contends that this amount is excessive considering the experience of Defendants' counsel, the motion and reply did not involve difficult issues, and the motion and reply were only seven and ten pages long, respectively.  [*Doc. 63*].

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," and the Court "has discretion in determining the amount of a fee award."  *Hensley v. Echkerhart*, 461 U.S. 424, 437 (1983); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986).  The Court "should exclude from th[e] initial fee calculation hours that were not reasonably expended."  *Hensley*, 461 U.S. at 434 (citation and internal quotation  marks omitted).  In *Pedroza v. Lomas Auto Mall, Inc.*, 716 F.Supp.2d 1031, 1041 (D.N.M. 2010), the court noted that New Mexico law requires courts to undertake a five-factor analysis to determine the reasonableness of attorney fees, and those factors are:

> (i) the time and labor required - the novelty and difficulty of the questions involved and skill required; (ii) the fee customarily charged in the locality for similar services; (iii) the amount involved and the results obtained; (iv) the time limitations that the client or the circumstances imposed; and (v) the experience, reputation, and ability of the lawyer or lawyers performing the services.

(citations omitted).

Defendant's motion to compel did not involve any novel or complex issues; instead, it was a motion to compel documents that had simply not been produced.  The Court finds that 5.8 hours to draft such a motion is excessive and will reduce the number of hours by 2.1 and allow payment for **3.7 hours** to draft the motion.  Because the reply required Defendants' counsel to respond to the arguments raised in Plaintiff's response to the motion to compel, it is understandable that it took more time for Defendants' counsel to draft that document.  Nevertheless, the Court finds that it is excessive to charge for 16.7 hours to draft a ten-page reply and an affidavit regarding whether Plaintiff's counsel had contacted Defendants' counsel's office.  Again, none of the issues were novel or complex, and counsel for Defendants does not state that there were any other circumstances justifying the number of hours spent on the reply.  The Court will reduce the number of hours spent drafting the reply by 5.7 and allow payment for **11 hours** to draft the reply.  The Court, therefore, will allow for payment of 14.7 hours at a rate of $125.00, for a total of **$1,837.50**.  As stated in the order granting the motion to compel, this will be paid by counsel for Plaintiff and counsel for Plaintiff may not charge his client for this expense.

**IT IS THEREFORE ORDERED** that counsel for Defendants are awarded **$1,837.50** for attorney's fees, which shall be paid **within thirty (30) days of entry of this order**.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**