**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JOSE F. VALENCIA,**

    **Plaintiff,**

v.                                            **No. 12cv0137 JCH/LAM**

**CITY OF SANTA FE, SANTA FE POLICE
DEPARTMENT, GERALD SOLANO,
ERIC B. JOHNSON, ARIC WHEELER,
GERALD RIVERA, STEPHEN RYAN, and
JOHN DOES I-X, both in their official
capacities and as Individuals,**

    **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART MOTION REGARDING SPEAKING OBJECTIONS DURING DEPOSITIONS [*Doc. 73*]

**THIS MATTER** is before the Court on *Defendant Officers' Motion for Sanctions Pursuant to Fed. R. Civ. P. 30(d)(2), and Request for an Order Instructing Plaintiff's Counsel to Cease Making Speaking Objections During Depositions (Doc. 73)*, filed December 5, 2012, by Defendants Gerald Solano, Eric Johnson, Aric Wheeler, Gerald Rivera, and Stephen Ryan (hereinafter "Defendants"). Plaintiff filed a response to the motion on December 19, 2012 [*Doc. 78*], and Defendants filed a reply on December 31, 2012 [*Doc. 80*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED in part** and **DENIED in part.**

In their motion to compel, Defendants state that Plaintiff's counsel have violated Fed. R. Civ. P. 30(c)(2) by repeatedly making "multiple speaking objections during the depositions of various witnesses." [*Doc. 73* at 2]. Counsel for Defendants states that he requested numerous

times for Plaintiff's counsel to stop making these speaking objections, wrote a letter to Plaintiff's counsel providing authority regarding the impropriety of the objections, and raised the issue at an October 24, 2012 status conference with the Court, but Plaintiff's counsel continued to make speaking objections during the October 30, 2012 deposition of Plaintiff. *Id.* at 2-3.  Specifically, Defendants contend that Plaintiff's counsel made speaking objections during the depositions of: Michael LeBlanc (*see Doc. 73* at 3-4 and *Doc. 73-1*); Jose Valencia, V (*see Doc. 73* at 4-5 and *Doc. 73-2*); Chris Valencia (*see Doc. 73* at 5 and *Doc. 73-3*); and Plaintiff, Jose F. Valencia (*see Doc. 73* at 6 and *Doc. 73-5*).  Defendants ask the Court to award them reasonable attorney's fees and costs associated with bringing this motion and to enter an order instructing Plaintiff's counsel to cease making improper speaking objections during future depositions. *Id.* at 15.

In response, Plaintiff states that the objections made by Plaintiff's counsel "do not rise to the level of conduct . . . that warrants sanctions." [*Doc. 78* at 4].  Plaintiff contends that counsel is not limited to only stating "'objection, form' or 'objection, privilege'" under the Federal Rules. *Id.* at 8.  In addition, Plaintiff states that counsel's objections "would be appropriate at trial and [did not] influence the deponent's factual testimony," and that "[t]he objections did not impede, delay, or frustrate [Defense counsel's] fair examination of the deponent." *Id.* at 10.  Plaintiff contends that counsel for Defendants engaged in repeatedly asking the same questions and asking deponents to speculate, and Plaintiff's counsel's objections did not frustrate Defendants' counsel's ability "to obtain answers to all of his factual[] inquiries," but did not allow Defendants' counsel to obtain "answers to questions that were inappropriate for him to ask -- such as those asked repeatedly and those calling for the deponent to speculate." *Id.* at 11.  Plaintiff's counsel states that "[n]either of

these types of questions would be appropriate at trial, and [Plaintiff's counsel's] objections stating 'asked and answered' or 'speculation' were appropriately made." *Id.* Plaintiff states that the appropriate recourse for Defendants was to file a motion to compel if they thought that the deponents were not answering questions in their depositions, and the fact that they did not file such a motion "demonstrates that [Defendants' counsel] was able to obtain the facts he was looking for from all of his deposition inquiries, and nothing done by Plaintiff's counsel actually delayed, impeded or frustrated the fair examination of any deponent." *Id.* at 12-13.

Also in Plaintiff's response, Plaintiff contends that Defendants failed to determine whether this motion was opposed because they did not present Plaintiff with a copy of the motion when they asked whether Plaintiff would oppose the motion. *Id.* at 18-19 (citing *Docs. 78-1, 78-2, 78-3, 78-4, and 78-5*). Plaintiff also contends that Mr. Robles, one of Defendants' attorneys, has engaged in a pattern of unprofessional conduct towards counsel for Plaintiff regarding the setting of a deposition, and Plaintiff asks for sanctions against Mr. Robles for these actions. *Id.* at 19-22.

In their reply, Defendants state that Plaintiff's counsel's improper speaking objections influenced the testimony of two deponents. [*Doc. 80* at 2]. Defendants contend that they have complied with Local Rule 7.1(a) because they had already asked Plaintiff's counsel multiple times to cease making speaking objections and had already defined what Defendants' counsel defined as a speaking objection. *Id.* at 11. Defendants further contend that they have not engaged in unprofessional behavior as alleged by Plaintiff's counsel. *Id.* at 11-12.

### *Compliance with Local Rule 7.1(a)*

Local Rule 7.1(a) states that a "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M. LR-Civ. 7.1(a). The Court finds that, while it would have been a better practice for counsel for Defendants to provide Plaintiff with a copy of the motion prior to filing it, Defendants' letter dated October 22, 2012, which outlines Defendants' position regarding the issues raised in the motion, adequately satisfies Rule 7.1(a)'s requirement for a "good-faith request for concurrence." *See* [*Doc. 73-4*]. This letter notified counsel for Plaintiff what Defendants' motion would state so that Plaintiff could determine whether or not he would oppose such a motion. The Court will not address Plaintiff's contentions raised in their response brief regarding Defendants' alleged failure to comply with Local Rule 7.1(a) in regard to other motions Defendants have filed (*Doc. 78* at 18) because those motions are not before the Court. The Court does caution Defendants, however, that providing opposing counsel with either a copy of a motion, or at least a summary of what contentions will be raised and what relief will be asked for in a motion, is necessary to obtain a "good-faith request for concurrence" under Local Rule 7.1(a). The Court does not expect that any competent counsel would concur in a motion that counsel it has neither seen nor been sufficiently apprised of regarding the content. The Court will not, however, summarily deny this motion since Plaintiff's counsel was adequately apprised of its content prior to it being filed.

### *Rule 30(c)(2)*

Fed. R. Civ. P. 30(c)(2) states that "[a]n objection must be stated concisely and in a nonargumentative and nonsuggestive manner." "In applying this rule, courts have found that

frequent and suggestive objections by opposing counsel can run afoul of [the rule][1]." *Cordova v. United States*, No. CIV 05-563 JB/LFG, 2006 WL 4109659, at *2 (D.N.M. July 30, 2006) (unpublished) (citing *Damaj v. Farmers Ins. Co., Inc.*, 164 F.R.D. 559, 560 (N.D.Okla. 1995). "If counsel objects to a question at deposition based on the form of the question, counsel may briefly explain the objection if the deposing counsel asks for an explanation and counsel does not in the explanation suggest an answer to the deponent." *Cordova*, 2006 WL 4109659, at *2 (quoting *Orr v. City of Albuquerque*, CIV No. 01-1365 JP/RHS, [*Doc. 100* at 5] (D.N.M July 24, 2003)). Courts have found a violation of the Rule "when counsel's objections result in an incomplete answer or in the witness's adoption of counsel's statement." *Orr*, [*Doc. 100* at 4] (citation and internal quotation marks omitted). "This construction means that, if a witness is confused about a question, or if the question seems awkward or vague, the witness may ask deposing counsel to clarify the question; securing clarification is not the job of the witness' counsel." *Cordova*, 2006 WL 4109659, at *2 (citation omitted).

Here, the objections made by Plaintiff's counsel about which Defendants complain are: "I'm going to object. First, calls for some speculation, and -- and I don't know if he has firsthand knowledge about the policy issues that might go into that decision;" (*Doc. 73-1* at 2); "You know, I'm going to have to object to the form of the question. Question seems to indicate that -- maybe it's just phrasing on the question but that Mr. LeBlanc was a member of the SCAT team, just a phrasing of the question." (*id.* at 3); "Object, it's a vague question. Before Mr. Valencia knew what?" (*id.* at 4); "I'm going to raise an objection, because that question's been asked and answered

---

[1] The *Cordova* court's ruling was based on Rule 30(d)(1) which is now Rule 30(c)(2).

about four or five different times.  I'd like to preserve that objection." (*id.*); "Objection.  Asked and answered." (*Doc. 73-2* at 2); "I'll object.  That's argumentative.  It's threatening.  What was read back to him was not his answer to the question, because it had been answered previous to what was read back by the court reporter.  If he could be allowed to review his answer, I'm sure his answer is going to be consistent." (*id.* at 2-3); "Object.  Asked and answered.  Asked and answered." (*Doc. 73-3* at 2); "I'm going to object on the basis of vagueness, form of the question." (*id.* at 3); "Object to form, object to foundation." (*Doc. 73-5* at 2); "Object to form.  Object to compound question.  Calls for speculation." (*id.*); and "Objection, speculation." (*id.* at 3).

     The Court finds that these objections violate Rule 30(c)(2) because it is improper for counsel to explain his or her objection when such an explanation has not been asked for by opposing counsel.  *See Orr*, [*Doc. 100* at 5] (finding that counsel engaged in speaking objections in violation of the Federal Rules where counsel explained her objections without a request from opposing counsel).  Plaintiff's contention that counsel's objections were proper because they would be allowed at trial and because Defendants' counsel's questions that were cumulative or speculative would not be permitted at trial (*Doc. 78* at 10-12) is unsupported by any case law and is not in accord with the cases interpreting Rule 30(c)(2).  In addition, and perhaps more importantly, it appears that counsel's objections resulted in some of the deponents adopting counsel's statements and refusing to answer.  For example when Mr. Garcia objected to a question posed to Jose Valencia, V as having been asked and answered, Mr. Valencia, V refused to answer the question on the basis that he had already answered it.  [*Doc. 73-2* at 2-3].  It was only when Mr. Garcia left the room to take a phone call and Mr. Valencia, V is instructed by Plaintiff to answer

the question, that he finally answers it. *Id.* at 3. In Plaintiff's deposition, when Mr. Garcia objected by stating: "Objection, speculation," Plaintiff stated: "Yeah, and that would be speculating," before continuing to answer the question. [*Doc. 73-5* at 3]; *see also Cincinnati Ins. Co. v. Serrano*, No. 11-2075-JAR, 2012 WL 28071, at *4 (D.Kan. Jan 5, 2012) (unpublished) ("An objection that a question calls for speculation is a foundation objection and not a form objection. It also tends to coach the witness to respond that she does not know the answer. It is not waived if omitted under Rule 32, and is improper under Rule 30 and the [District of Kansas Deposition] guidelines."). The Court, therefore, finds that Plaintiff's counsel violated Rule 30(c)(2) by making multiple speaking objections during depositions. *See also Damaj*, 164 F.R.D. at 560 (explaining that "the purpose of a deposition is to find out what the witness saw, heard and knows, or what the witness things, through a question and answer conversation between the deposing lawyer and the witness," and that "[f]requent and suggestive objections by opposing counsel can, and oft times to, completely frustrate that objective [and] suggestive objections by counsel can tend to obscure or alter the facts of the case and consequently frustrate the entire civil justice system's attempt to find the truth") (citation and footnote omitted).

Having found that Plaintiff's counsel has violated Rule 30(c)(2), the Court must determine whether sanctions under Rule 30(d)(2) are warranted. This Rule provides that "[t]he court may impose an appropriate sanction -- including the reasonable expenses and attorney's fees incurred by any party -- on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The Court agrees with Plaintiff that Plaintiff's counsel's behavior, while in violation of Rule 30(c)(2), does not rise to the level of egregiousness that was found in *Cordova*.

In *Cordova*, counsel was fined $1,000.00 and the deponent was ordered to answer certain questions, however, counsel in that case made much longer speaking objections than counsel did here, engaged in off-the-record conferences with the deponent while a question was pending, and instructed or influenced the deponent not to answer questions. 2006 WL 4109659, at *2-7. In contrast, the court in *Orr* found that sanctions were not warranted where counsel had made four improper objections and twice tried to interpret the deposing counsel's questions. [*Doc. 100* at 5-6]. The Court in *Orr* noted that counsel requesting sanctions did not try to terminate the deposition or ask to re-depose the witnesses. *Id.* Similarly here, while Plaintiff's counsel's objections were improper and possibly led to some questions not being fully answered because of the speaking objections, Defendants do not seek additional information from the deponents and do not state that they were unable to obtain the information being sought in the depositions. For those reasons, the Court finds that sanctions are not warranted. The Court cautions counsel for Plaintiffs, however, that they should re-examine Rule 30 and refrain from making improper speaking objections in the future.

    The Court declines to address Plaintiff's contentions raised in their response brief that Defendants' counsel has engaged in unprofessional behavior, and the request for attorney's fees in relation to that behavior. The behavior to which Plaintiff refers is unrelated to the issue before the Court in Defendants' motion regarding deposition objections, and a response brief is not the proper place to raise a request for relief. The Court notes that counsel in this case have had numerous problems getting along and the Court has previously told them to work on resolving their issues amicably. *See* [*Doc. 68*] (Clerk's Minutes from November 9, 2012, hearing on a motion to quash deposition, stating: "The Court notes that these attorneys have had problems since the beginning of

this case," and "The Court encourages the attorneys to try harder to treat each other the way they would like to be treated and to try to resolve their issues amicably." [*Doc. 68* at 1-2]. Many of the issues counsel have brought before the Court in this case are those which most attorneys are able to resolve on their own. The Court, therefore, will likely hold in-person hearings on any future motions involving disagreements between these attorneys in order to discuss solutions to those problems face-to-face.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Defendant Officers' Motion for Sanctions Pursuant to Fed. R. Civ. P. 30(d)(2), and Request for an Order Instructing Plaintiff's Counsel to Cease Making Speaking Objections During Depositions (Doc. 73)* is **GRANTED in part** and **DENIED in part**. Counsel for Plaintiff is cautioned to refrain from violating Fed. R. Civ. P. 30(c)(2) by making improper speaking objections during depositions.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**