THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE F. VALENCIA,

       Plaintiff,

v.                                                           No. Civ. 12-00137 JCH/LAM

CITY OF SANTA FE, SANTA FE POLICE
DEPARTMENT, GERALD SOLANO,
ERIC B. JOHNSON, ARIC WHEELER,
GERALD RIVERA, STEPHEN RYAN, and
JOHN DOES I-X, both in their official
capacities and as individuals,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on two motions filed by Plaintiff Jose Valencia, proceeding *pro se*: (1) Motion for Reopening the Time to File an Appeal (ECF No. 167), and (2) Motion for Extension of Time (ECF No. 166). The Court, having considered the motions, briefs, and applicable law, concludes that Plaintiff's motions should be denied.

**I.  Background**

On February 26, 2014, this Court entered Final Judgment (ECF No. 143) in favor of Defendants and dismissing all of Plaintiff's claims with prejudice, in accordance with the Memorandum Opinion and Order filed on February 25, 2014 (ECF No. 142). On July 14, 2014, Plaintiff attempted to set aside the order, asserting that he was not aware that the Court had issued an order dismissing all his claims and had filed a judgment. *See* Pl.'s Mot. to Set Aside Order, ECF No. 151. Plaintiff asserted that he did not have notice of the dismissal of his claims and the Judgment until July 11, 2014. *Id.*

In denying Plaintiff's motion, the Court explained:

> Counsel for Plaintiff … responded to the dispositive motions filed by Defendants, and thus, no grounds exist to set aside the Final Judgment under Federal Rule of Civil Procedure 60(b).  Moreover, contrary to Plaintiffs' contentions, Plaintiff appears to have received notices of at least some court filings at the POB 441, Glorieta, NM 87535 address on file with the Court.  Although Plaintiff claims not to have known about the Final Judgment, which the Clerk sent to the Glorieta address, Plaintiff responded on April 14, 2014, to Defendants' Bill of Costs, which was also sent to the Glorieta address.  In that response, Plaintiff even listed the Glorieta address as his proper address.  Nevertheless, even assuming Plaintiff did not receive notice of the Final Judgment, it was Plaintiff's duty to inform the Court of his change of address, and there are no grounds to set aside the Final Judgment.  *See* D.N.M. Local Rule 83.6 (stating that parties appearing *pro se* have continuing duty to notify Clerk in writing of changes of address); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (holding that *pro se* plaintiff was properly served with magistrate judge's recommendation at his last known address where plaintiff failed to change his address in clear way likely to bring it to court's attention).

Mem. Op. and Order 2, ECF No. 157.

In August 2014, Plaintiff filed two separate notices of appeal, one relating to the Final Judgment and the other to the denial of three post-judgment motions for relief. Order and Judgment 2, ECF No. 168-1. On April 14, 2015, the Tenth Circuit ruled that it had no jurisdiction to consider his appeal of the final judgment because he far exceeded the time limit to file a direct appeal under Federal Rule of Appellate Procedure 4(a)(1)(A). *Id.* at 1-2. The Tenth Circuit affirmed the court's ruling denying his motions for post-judgment relief. *Id.* at 3.

On April 28, 2015, Plaintiff filed the two motions at issue. Plaintiff seeks to reopen the time to file an appeal of the Court's Memorandum Opinion and Order under Federal Rule of Appellate Procedure Rules 4(a)(6)(A) and 4(a)(5)(A)(ii). He contends that he did not receive timely notice of the Court's order, precluding him from meeting the deadline for filing a timely notice of appeal. He argues that exceptional circumstances and good cause compel extending his appeal time.

## II.     ANALYSIS

Rule 4(a)(6)(A) allows the district court to reopen the time to file an appeal only if **all** the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Regardless of whether Plaintiff received notice under Rule 77(d), subsection (B) precludes the relief Plaintiff seeks. The Court entered Judgment on February 26, 2014, so the 180-day deadline expired on August 25, 2014. Even if Plaintiff did not receive notice under Rule 77(d) until much later, Appellate Rule 4(a)(6)(B) uses the "earlier" motion deadline. Because Plaintiff did not file his motion to reopen the appeal until April 28, 2015, this Court is precluded from granting Plaintiff the relief he seeks.

Appellate Rule 4(a)(5) also permits a district court to extend the time to file a notice of appeal but only if both the requirements set forth in (i) and (ii) are met. Subsection (i) requires a party to move to extend the time to file a notice of appeal "no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A)(i). Aside from exceptions not applicable here, Rule 4(a) requires the notice of appeal to be filed within 30 days after entry of the judgment or order appealed from. *See* Fed. R. App. P. 4(a)(1)(A). The thirty-day deadline after the Court's February 26, 2014 entry of Judgment required Plaintiff to file his notice of appeal on or before March 28, 2014, so the additional 30-day deadline required him to file his motion for extension of time on or before April 28, 2014. Plaintiff's April 28, 2015 motion for

extension is a year late. For all these reasons, the Court must deny Plaintiff's motions for extension of time to file an appeal.

Finally, Defendants argue that Plaintiff's motions were frivolous and seek as a sanction the attorney's fees and costs incurred in responding to the motions. The Court will not grant the request, given Plaintiff's *pro se* status. Plaintiff, however, is hereby given notice that the filing of any future frivolous motions seeking the same or similar relief could result in the imposition of sanctions in the form of attorney's fees.

**IT IS THEREFORE ORDERED** that

1. Plaintiff's Motion for Reopening the Time to File an Appeal (**ECF No. 167**) is **DENIED**.

2. Plaintiff's Motion for Extension of Time (**ECF No. 166**) is **DENIED**.

3. Defendants' requests for attorney's fees and costs are **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**